# EXHIBIT 1

Case 2:21-cv-04470-MWF-KS Document 1-1 Filed 05/28/21 Page 2 of 6 Page ID #:8

Electronically FILED by Superior Court of California, County of Los Angeles on 04/12/2021 05:38 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Perez, Deputy Clerk
21STCV13888

Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: Edward Moreton

ROBERT L. BOOKER II, ESQ. (BAR NO. 232065)
JOANA FANG, ESQ. (BAR NO. 309623)
**CENTURY PARK LAW GROUP, LLP**
864 S. Robertson Blvd., 3rd Floor
Los Angeles, California 90035
Telephone: (888) 203-1422
Facsimile: (888) 203-1424
Email: Robert@CPLGLaw.com
Email: Joana@CPLGLaw.com

Attorneys for Plaintiff
BARBARA DOSS

### SUPERIOR COURT OF THE STATE OF CALIFORNIA

### COUNTY OF LOS ANGELES – UNLIMITED

| | |
|---|---|
| BARBARA DOSS, an individual, | Case No.: 21STCV13888 |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| vs. | 1. Premise Liability |
| COSTCO WHOLESALE MEMBERSHIP, INC., a California corporation; and DOES 1 through 100, inclusive, | 2. General Negligence |
| Defendants. | **[DEMAND FOR TRIAL BY JURY]** |

Plaintiff BARBARA DOSS alleges as follows:

### PRELIMINARY ALLEGATIONS

1. Plaintiff BARBARA DOSS (hereinafter referred to as "Plaintiff"), is, and at all times hereinafter mentioned was, an individual residing in the County of Los Angeles, State of California.

2. Defendant COSTCO WHOLESALE MEMBERSHIP, INC., (hereinafter referred to as "Defendant") is, and at all times hereinafter mentioned was, a company doing business in and with a principal place of business in the County of Los Angeles, State of California. Jurisdiction in this court is proper pursuant to California *Code of Civil Procedure* 410.10 because Defendant does business in, purposefully avail itself of, or

-1-

**COMPLAINT FOR DAMAGES**

otherwise reside within the State of California. Defendant is, and at all times herein mentioned was, one of the owners and/or managers of a certain property located at 12530 Prairie Ave., Hawthorne, CA 90250 (hereinafter referred to as "PREMISES").

3. The true names and capacities, whether individual, corporate, associate or otherwise, of defendants, DOES 1 through 100, inclusive, are unknown to Plaintiff, who therefore sues said defendant by such fictitious names, and Plaintiff will ask leave of the Court to amend this Complaint to show their true names and capacities when the same have been ascertained. Plaintiff is informed and believes and thereon alleges that each of the defendants designated herein as a DOE is negligently responsible in some manner for the events and happenings herein alleged.

4. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned defendants, and each of them, were acting on their own behalf and as the agents, employees and representatives of each other and of DOES 1 through 100, inclusive, (collectively referred to hereinafter as "Defendant") and were and are at all times relevant hereto acting within the scope and authority of such agency and employment and with the knowledge, consent, approval and ratification of each of the named defendants and of DOES 1 through 100, inclusive.

5. Venue in this Court is proper in that the cause of action occurred within this district, and/or at least one defendant resides in this judicial district.

6. Jurisdiction in this court is proper in that the principal amount in controversy is in excess of $25,000.00.

## FIRST CAUSE OF ACTION

## PREMISES LIABILITY – AGAINST ALL DEFENDANTS

7. Plaintiff hereby re-alleges, reiterates and incorporates by reference the allegations of Paragraphs 1 through 6 of this Complaint as though fully set forth herein.

8. At all times mentioned herein, Defendant and/or DOES 1 through 100, inclusive, owned, maintained, controlled, managed, and operated the PREMISES.

9. On or about June 14, 2019, Plaintiff was lawfully within the PREMISES.

Specifically, Plaintiff was shopping at the PREMISES when Costco's employee using a forklift came towards Plaintiff, thus Plaintiff attempted to move herself and her cart out of the way when she tripped and fell over a dangerous condition, a pallet, that was not open and obvious to Plaintiff. Thereafter, another dangerous condition, merchandise from another pallet, fell onto Plaintiff's face/head.

10. At the aforementioned time and place, Defendants, and each of them, inadequately and negligently maintained, repaired, managed, controlled, and owned, the PREMISES. Defendants and each of them, by virtue of their ownership, control, management, manufacture, design, assembly, sale, delivery, repair and/or maintenance of the PREMISES, owed a duty of care to Plaintiff who would foreseeably be on and use the PREMISES.

11. Defendants, and each of them, breached said duty by negligently controlling and/or maintaining the PREMISES, by failing to keep the PREMISES in good order, by negligently failing to take steps including but not limited to making reasonable inspections of the PREMISES to either make the condition safe or warn Plaintiff of the dangerous condition of said PREMISES, all of which caused Plaintiff to be injured, causing Plaintiff to suffer the injuries and damages hereinafter described.

12. As a proximate result of the negligence of Defendants, and each of them, Plaintiff was hurt and injured in Plaintiff's health, strength and activity, sustaining injuries to said person, all of which injuries have caused, and continue to cause Plaintiff mental, physical and nervous pain and suffering. Plaintiff is informed, believes and thereon alleges that such injuries have and will result in some temporary and/or permanent disability to Plaintiff. As a result of such injuries, Plaintiff suffered general damages in an amount according to proof.

13. As a further direct and proximate result of Defendants', and each of their, negligence, carelessness, recklessness and unlawful conduct thereby caused, as aforesaid, requiring Plaintiff to obtain medical services, past, present and future; has suffered loss of income and earnings, past, present and future; evidence of all of which

Plaintiff will present at the time of trial and will amend this Complaint to conform to the proof if required to do so.

14. As a proximate result of the negligence of Defendants, and each of them, Plaintiff suffered from emotional distress and other mental injuries. As a result of such distress and mental injuries, Plaintiff has suffered general damages in an amount according to proof but in excess of the jurisdictional amount.

## SECOND CAUSE OF ACTION

## GENERAL NEGLIGENCE – AGAINST ALL DEFENDANTS

15. Plaintiff incorporates herein by reference all the allegations set forth in paragraphs 1 through 14, inclusive, in their entirety as if fully set forth herein and with the same force and effect.

16. Plaintiff is informed and believes, and hereon alleges, that Plaintiff was further injured due to negligent acts or omissions by agents, representatives or employees of Defendants, and each of them.

17. Plaintiff is informed and believes, and hereon alleges, that at all relevant times, Defendants, and each of them, owed Plaintiff a legal duty and/or duties. Plaintiff is further informed and believes that Defendants, and each of them, breached said duty and/or duties.

18. As a direct and proximate result of the negligence of the Defendants, and each of them, Plaintiff was seriously injured in health, strength and activity, sustaining injury to the body and shock and injury to the nervous system and person, all of which said injuries have caused, and continue to cause Plaintiff physical, mental and nervous pain, suffering and anguish, all to Plaintiff's general damage in a sum in excess of the minimal jurisdictional requirements of this Court to be determined at some future date, according to law. Accordingly, Plaintiff will also seek prejudgment interest for all such damages.

19. As a further direct and proximate result of the negligence of the Defendants, and each of them, Plaintiff was required to, and did, employ physicians, surgeons and other health care practitioners to examine, treat and care for Plaintiff, and

did incur medical and incidental expenses. The exact amount of such expenses is unknown to Plaintiff at this time, and Plaintiff will ask leave to amend this Complaint to set forth the exact amount thereof when the same is ascertained.

20. As a further direct and proximate result of the negligence of the Defendants, and each of them, Plaintiff sustained loss of earnings and earning capacity. The exact amount of such loss is unknown to Plaintiff at this time, and Plaintiff will ask leave to amend this Complaint to set forth the exact amount thereof when the same is ascertained.

### REQUEST FOR JURY TRIAL

Plaintiff hereby requests a trial by jury on all claims for relief alleged in, and on all issues raised by, this Complaint.

### PRAYER

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

1. For an award of Plaintiff's general, special, actual and compensatory damages as proven at time of trial;

2. For lost earnings and earning capacity, past and future, according to proof;

3. For an award of the costs incurred by Plaintiff in bringing and maintaining this action; as well as

4. For such other and further relief which this Court deems just and proper.

DATED: April 12, 2021                    CENTURY PARK LAW GROUP, LLP

                                         By: _____
                                         ROBERT L. BOOKER II
                                         JOAN FANG
                                         Attorneys for Plaintiff
                                         BARBARA DOSS

COMPLAINT FOR DAMAGES